UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES URIBE, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>MORTGAGEIT, INC, *et al.*,<br><br>　　　　　Defendants. | Civil No. 08cv1983 L(NLS)<br><br>**ORDER GRANTING MOTIONS TO DISMISS; DENYING AS MOOT MOTION FOR MORE DEFINITE STATEMENT; GRANTING LEAVE TO AMEND**<br>**[doc. nos. 8, 9]** |

　　　　Defendant MortgageIT, Inc. ("MortgageIT") and defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., Mortgage Electronic Registration Systems, Inc. ("MERS"), and Bank of America, N.A. (collectively "Countrywide") move to dismiss the above-captioned case under Federal Rule of Civil Procedure 12(b)(6). MortgageIT alternatively moves for a more definite statement. The Court notes that under the Civil Local Rules, plaintiffs' response was due on or before January 12, 2009. *See* Civ. L.R. 7.1(e)(2). To date, plaintiffs neither filed a response nor sought additional time in which to file a response to defendants' motion. On January 16, 2009, MortgageIT filed a reply to its motion noting plaintiffs' lack of a response. On January 21, 2009, the Countrywide defendants filed a notice that plaintiffs had not filed any response to defendants' motion and request that their motion be granted based on plaintiffs' non-opposition.

　　　　When an opposing party does not file papers in the manner required by Civil Local Rule

7.1(e.2), the Court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." CIV. L.R. 7.1(f.3.c). Notwithstanding plaintiffs' failure to file an opposition, the Court will review the motion on the merits to determine whether any legal issue exists that would preclude the granting of defendants' motion to dismiss.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may not be dismissed for failure to state a claim under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further, must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). But a complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007)

Plaintiffs obtained a home mortgage loan[1] on December 16, 2005 and an equity line of credit from Bank of America on February 7, 2006. Plaintiffs allege the following causes of action: to quiet title; fraud; negligent infliction of emotional distress; Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*; Truth In Lending Act ("TILA") 15 U.S.C. § 1601 *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2614; and for cancellation based on fraud and impossibility of performance. Plaintiffs seek injunctive relief in addition to damages.

**A.    Defendant MortgageIT**

MortgageIT moves to dismiss the complaint on the ground that there are no allegations made against it. Defendant is correct. A single statement in the complaint references

---

[1] The Countrywide defendants contend they are not the loan originators but rather MortgageIT was the lender. Countrywide was the assignee of the MortgageIT loan.

MortgageIT: "Defendants [sic] are informed and believe that [the Countrywide defendants] were the actual lender of the MortgageIT loan described below." (Complaint, ¶ 7.)  Because there are no allegations of wrongdoing against it, defendant MortgageIT is entitled to dismissal without prejudice of the complaint.  Because plaintiffs may amend the complaint, MortgageIT's alternative motion for a more definite statement is denied as moot and without prejudice.

**B.     Countrywide Defendants**[2]

      **1.     RICO and Fraud**

Defendants first argue that plaintiffs' fraud and RICO causes of action must be dismissed because they have not been pleaded with the particularity required by Federal Rule of Civil Procedure 9(b).  The Court agrees.

"Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).  To comply with rule 9(b), "the circumstances constituting fraud . . . shall be stated with particularity."  "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  In this regard, it is sufficient to plead items such as the time, place and nature of the alleged fraudulent activities. *Id.*

Generally, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants. *Id.*  However, in this case, no individual defendants are named.

> [T]he rule may be relaxed as to matters within the opposing party's knowledge. For example, in cases of corporate fraud, plaintiffs will not have personal knowledge of all the underlying facts. . . . Instances of corporate fraud may also make it difficult to attribute particular fraudulent conduct to each defendant as an individual.  To overcome such difficulties in cases of corporate fraud, the allegations should include the misrepresentations themselves with particularity and, where possible, the roles of the individual defendants in the misrepresentations.

*Id.*

Plaintiffs have failed to sufficiently identify the individuals making the statements or

---

[2]     Much like defendant MortgageIT, there are no allegations directed to defendant MERS.  Accordingly, the complaint in its entirety is dismissed without prejudice as to MERS.

failing to make disclosures by alleging, where possible, the role of the individuals in the misrepresentations or non-disclosures.

Plaintiffs do not specify under which of the four sections of 18 U.S.C. § 1962 it is proceeding, although subsection (c) appears to be what plaintiffs are aiming at.  "To state a claim under § 1962(c), a plaintiff must allege '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007), quoting *Sedima , S.P.R.L. v. Imprex Co.*, 473 U.S. 479, 496 (1985).  Plaintiffs do not come close to sufficiently alleging all of the elements.  Racketeering activity is defined in 18 U.S.C. § 1961(1) as any in the long list of crimes.  Plaintiffs rely on wire and mail fraud. (Compl. at 10, 11.)

The elements of wire fraud are:  "(1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Id*. at 554 (internal quotation marks and citations omitted).  Rule 9(b)' s requirement of particularity applies to the factual circumstances of the fraud. *Id.*  This requires allegations regarding the time, place and specific content of the allegedly false representations as well as the identities of the parties to the misrepresentation. *Id*. at 553 (internal quotation marks and citations omitted).  Plaintiffs' allegations lack the requisite specificity regarding times, places and the parties to the misrepresentations.   Further, plaintiffs' allegations lack the specificity required to show participation in the conduct of the enterprise's affairs through a pattern of racketeering.

Plaintiffs' RICO and fraud causes of action fail to meet Rule 9(b)'s particularity requirement and therefore, will be dismissed without prejudice.

**2.     TILA and RESPA**

Next, defendants contend plaintiffs' TILA and RESPA claims are barred by the applicable statutes of limitation.

A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling.  A plaintiff's cause of action for damages under TILA is subject to a one-year statute of limitations,  15 U.S.C. § 1640(e), which

runs from the time the loan transaction is consummated. *King v. State of California*, 784 F.2d 910, 915 (1986). A debtor also has three days to rescind the transaction after it has been consummated, and up to three years to rescind the transaction if the required notice or material disclosures are not delivered. 12 C.F.R. § 226.23(a)(3); *see also* 15 U.S.C. § 1635(f).

It is undisputed that the home loan at issue was consummated on December 16, 2005; therefore, the deadline for a damage action on the home loan was December 16, 2006, and for a rescission action was December 16, 2008. The Bank of America home equity loan was consummated on February 7, 2006; therefore the deadline for a damages action on the equity loan was February 7, 2007, and for a rescission action is February 7, 2009. The present case was filed on September 9, 2008, which makes the TILA claim for damages time barred for both loans.

But the Ninth Circuit has held equitable tolling of civil damages claims brought under TILA may be appropriate "in certain circumstances" such as when a borrower might not have had a reasonable opportunity to discover the nondisclosures within the one-year period. *King v. State of California*, 784 F.2d 910, 915 (9th Cir.1986); *Nava v. VirtualBank*, 2008 WL 2873406 at *3 (E.D. Cal. 2008). Courts have discretion to "adjust the limitations period accordingly." *Id.* Depending on the facts of the transaction, certain disclosures might not have been discovered within the one-year time period.

In the present case, plaintiffs have not alleged any facts demonstrating entitlement to equitable tolling and the TILA damages claim will be dismissed without prejudice.

Defendants argue a TILA rescission claim against them must be dismissed because it was not the loan originator of the 2005 loan but rather was an assignee of the home loan. As the assignee, it is not a creditor under TILA unless the violation is apparent on the fact of the loan documents. 15 U.S.C. § 1641(e). Plaintiffs do not make any allegations to support such a claim. Accordingly, Countrywide's motion to dismiss the TILA rescission claim is granted without prejudice.

Plaintiffs' RESPA claim suffers from the same deficiency as their TILA claim: the claim is time barred. The applicable statutes of limitations for claims brought pursuant to RESPA are

found in 12 U.S.C. section 2614. "Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation." *See* 12 U.S.C. § 2614. Plaintiffs only reference section 2607 in their complaint. (Complaint, ¶ 91.)  Thus, the limitations period is one year and the RESPA claim is time barred.  Plaintiff will be given leave to amend this claim.

### 3. State Law Causes of Action

#### a. Negligent Infliction of Emotional Distress

"Negligent infliction of emotional distress is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply. " *Ess v. Eskaton Properties, Inc.*, 97 Cal. App. 4th 120, 126 (2002).  "[T]here is no duty to avoid negligently causing emotional distress to another." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 984  (1993).  "[U]nless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty." *Id*. at  985.  Plaintiffs have not alleged that defendants assumed a duty in which the plaintiffs' emotional state was an object or the existence of an independent duty, which may be imposed by law, assumed by the defendant, or be based on a special relationship between the parties, *Potter*, 6 Cal.4th at 984-985.

Here, plaintiffs have not and cannot allege an independent duty imposed by law, assumed by defendants, or created by a special relationship between the parties that proximately caused plaintiffs' emotional distress.  Accordingly, plaintiffs' negligent infliction of emotional distress claim must be dismissed with prejudice.

#### b. Quiet Title

In order to allege a cause of action to quiet title, plaintiffs must allege tender or an offer of tender of the amounts admittedly borrowed. *Arnolds Management Corp. v. Eischen*, 158 Cal. App.3d 575, 578 (1984)(in order to quiet title after a trustee's sale, a plaintiff must allege and

prove tender of the full amount of the debt for which the real property served as security).  Here, plaintiffs' complaint is silent concerning tender or offer of tender of the secured debt. Accordingly, this claim will be dismissed without prejudice.

### c.  Cancellation of Plaintiffs' Trust Deeds and Notes

Plaintiffs premise their claim for cancellation of their notes and deeds of trust on defendants' alleged false loan application documents.  Also, plaintiffs contend the documents are void because of impossibility of performance.  The allegation of false loan documents is a form of fraud that must be alleged with particularity under Federal Rule of Civil Procedure 9(b). Plaintiffs' complaint fails to meet this standard and their cause of action for cancellation of the trust deeds and notes must be dismissed without prejudice.

The Court notes the complaint does not state whether plaintiffs' home has been sold during foreclosure proceedings.  If it has been sold, plaintiffs cannot cancel their promissory notes and deeds of trust:

> Technically speaking, one cannot "repurchase" the loan following a foreclosure at which the property is purchased for a full credit bid.  Such a bid extinguishes the loan, releasing the borrower from any further obligation under the defaulted note.

*First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 740 n.3 (2001)(citing A*lliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226, 1238(1995)).  Under this situation, the cause of action for cancellation must be dismissed with prejudice.

### CONCLUSION

Based on the foregoing, **IT IS ORDERED**:

1. MortgageIT's motion to dismiss the complaint in its entirety is **GRANTED** without prejudice. [doc. #8]

2. The complaint is **DISMISSED** in its entirety as to defendant MERS;

3. Countrywide defendants' motion to dismiss [doc. #9] is **GRANTED** as follows: Plaintiffs' negligent infliction of emotional distress cause of action is dismissed with prejudice. Plaintiffs' quiet title, fraud, RICO, TILA, RESPA and cancellation causes of action are

dismissed without prejudice.[3]

4. Plaintiffs are granted leave to file an amended complaint within 20 days of the filing of this Order. Failure to file an amended complaint within the time provided will result in the closure of this case without further notice to the parties.

**IT IS SO ORDERED.**

DATED: January 26, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[3] Plaintiffs list as its third claim "injunctive relief" which is not a cause of action but rather a remedy.